WALTER S. BRAY, RESPONDENT, v. WEST JERSEY AND
SEASHORE RAILROAD COMPANY AND PUBLIC SER-
VICE RAILWAY COMPANY, APPELLANTS.

Argued June 22, 1922—Decided November 20, 1922.

An excavation in a public street is necessarily more or less of an
interference with public travel and a menace to the public unless
properly guarded, and where plaintiff mistook his road in the con-
fusion caused by the numerous red lights placed to warn of the
excavation, it was a jury question whether the defendants had
properly guarded the excavation and whether plaintiff had him-
self exercised reasonable care.

On appeal from the Supreme Court.

For the respondent, *William C. French* and *Samuel T.
French.*

For the West Jersey and Seashore Railroad Company,
*Bourgeois & Coulomb.*

For the Public Service Railway Company, *Lefferts S.
Hoffman, Joseph Coult, Jr.,* and *Leonard J. Tynan.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff was injured while driving on a
street in Camden where the Public Service Railway Com-
pany had made an excavation.   He was allowed to recover
upon the theory that they had not taken sufficient care to
guard the excavation.   This was proper.   An excavation of
this character is necessarily more or less of an interference
with public travel and a menace to the public unless properly
guarded.   What is proper care in this respect is a jury ques-
tion.   The case is like *T. A. Gilespie Co.* v. *Cumming,* 62
*N. J. L.* 370.   The plaintiff mistook his road in the confu-
sion caused by the numerous red lights, and it was for the
jury to say whether he had exercised reasonable care in this

respect. At the argument it was urged that there was no testimony connecting the West Jersey and Seashore Railroad Company with the accident. This was a mistake. Mr. Clapp testified that the railroad system at that point was operated by the West Jersey and Seashore Railroad Company, and the motion made for a direction of a verdict in favor of the West Jersey and Seashore Railroad Company was made on the ground of contributory negligence only, and counsel making the motion conceded that there were employes of the West Jersey and Seashore Railroad Company as well as of the Public Service Railway Company and foreman of both companies directing the operation of the work.

It is probable that all the counsel knew that the tracks were the tracks of the West Jersey and Seashore Railroad Company, and took it for granted that there was more proof of that fact than there was, but there was enough in the absence of contradiction.

The judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 12.

*For reversal*—None.